IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANTHONY REIERSON (M-00198), | ) |
| Plaintiff, | ) |
| v. | ) Case No. 09 C 3753 |
| | ) Judge Wayne R. Andersen |
| JODY MONROE and VENKATA VALLURY, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Anthony Reierson ("Plaintiff"), previously incarcerated at the Kendall County Jail and then the East Moline Correctional Center (# M-00198), filed this 42 U.S.C. § 1983 suit against Kendall County Jail Nurse Jodi Monroe and Dr. Venkata Vallury ("Defendants"). Plaintiff alleges that, while he was incarcerated at the Kendall County Jail between June and October 2008, the Defendants ignored his complaints of back pain, as well as his requests for medication and an extra mat for his bunk. The Defendants have filed a motion for summary judgment, asserting that Plaintiff failed to exhaust administrative remedies. Plaintiff has filed a response to the Defendants' Local Rule 56.1 Statement (N.D. Ill.), as well as exhibits, but has not responded to their summary judgment motion. The Defendants have replied to Plaintiff's Rule 56.1 responses, and have filed a motion to strike Plaintiff's Rule 56.1 responses and exhibits.

For the following reasons, the court grants in part and denies in part the Defendants' motion to strike Plaintiff's Rule 56.1 responses and denies the motion for summary judgment without prejudice to the Defendants refiling it if they are able to present additional evidence on the exhaustion issue. Plaintiff is directed to submit an updated *in forma pauperis* form within 30 days of the date of this order.

## I. Summary Judgment Standard

### A. Rule 56(c) of the Rules of Federal Civil Procedure

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Spath v. Hayes Wheels Int'l-Ind., Inc.*, 211 F.3d 392, 396 (7th Cir. 2000). In determining the existence of a genuine issue of material fact, the court construes all facts in the light most favorable to the nonmoving party and draws all reasonable inferences in favor of that party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). When addressing a motion for summary judgment, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255.

If the moving party meets its burden, the nonmoving party has the burden "to go beyond the pleadings and affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact." *Borello v. Allison*, 446 F.3d 742, 748 (7th Cir. 2006) (internal quotation marks and citations omitted); *Celotex*, 477 U.S. at 322-26; *Johnson v. City of Fort Wayne*, 91 F.3d 922, 931 (7th Cir. 1996). A genuine issue of material fact is not demonstrated by the mere existence of "some alleged factual dispute between the parties," *Anderson*, 477 U.S. at 247, or by "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists only if a reasonable finder of fact could return a decision for the nonmoving party based upon the record. *See Anderson*, 477 U.S. at 252; *Insolia v. Phillip Morris Inc.*, 216 F.3d 596 (7th Cir. 2000). With respect to whether an inmate exhausted administrative remedies, the court, and not a jury, must resolve factual issues relating to the exhaustion issue. *Pavey v. Conley*, 528 F.3d 494, 497-98 (7th Cir. 2008).

### B. N.D. Ill. Local Rules 56.1 and 56.2

Because Plaintiff is a *pro se* litigant, the Defendants served him with a "Notice to *Pro Se* Litigant Opposing Motion for Summary Judgment" as required by Local Rule 56.2 (N.D Ill.). The notice explains the consequences of failing to respond properly to a motion for summary judgment and to a statement of material facts. (R. 16, Defs.' Rule 56.2 Notice.)

The purpose of a Local Rule 56.1 Statement is to identify the relevant evidence supporting the material facts, not to make factual or legal arguments. *See Cady v. Sheahan*, 467 F.3d 1057, 1060 (7th Cir. 2006). The parties' statements assist the court by "organizing the evidence, identifying undisputed facts, and demonstrating precisely how each side propose[s] to prove a disputed fact with admissible evidence." *Bordelon v. Chicago Sch. Reform Bd. of Trs.*, 233 F.3d 524, 527 (7th Cir. 2000). Specifically, Local Rule 56.1(a)(3) requires the moving party to provide "a statement of material facts as to which the moving party contends there is no genuine issue." *Ammons v. Aramark Uniform Servs., Inc.*, 368 F.3d 809, 817 (7th Cir. 2004). The nonmoving party must then admit or deny every factual statement proffered by the moving party and concisely designate any material facts that establish a genuine dispute for trial. *Schrott v. Bristol-Myers Squibb Co.*, 403 F.3d 940, 944 (7th Cir. 2005).

A litigant's failure to respond properly to a Rule 56.1 Statement results in the court considering the uncontroverted statement as true. *Raymond v. Ameritech Corp.*, 442 F.3d 600, 608 (7th Cir. 2006). Non-responses or "evasive denials" allow for assuming uncontested facts in a Rule 56.1 Statement to be true. *Bordelon v. Chicago School Reform Bd. of Trustees*, 233 F.3d 524, 528 (7th Cir. 2000). Moreover, a plaintiff's *pro se* status does not absolve him from complying with these Local Rules. *See McNeil v. United States*, 508 U.S. 106, 113 (1993); *Greer v. Board of Ed. of City of Chicago*, 267 F.3d 723, 727 (7th Cir. 2001).

**II.     Defendants' Motion to Strike Plaintiff's Responses and Exhibits**

In support of their summary judgment motion, the Defendants filed a Rule 56.1 Statement and two exhibits (an affidavit from Kendall County Jail Commander Sandra Jennings and a copy of the Kendall County Jail Inmate Manual). (R. 14, Defs' Rule 56.1 Statement.) Plaintiff filed a response to the Rule 56.1 Statement, which he titled as his Answer. (R. 27, Pl.'s 56.1 Response.) He also filed exhibits, which mainly consist of grievances he filed from a state prison, Inmate Request Forms he filed at the Kendall County Jail, and a narrative chronology of events. (R. 28, Pl.'s Exhibits.) The Defendants have filed a motion to strike several of Plaintiff's Rule 56.1 responses as non-responsive and to strike his exhibits. (R. 29, Defs.' Motion to Strike.)

Plaintiff's Rule 56.1 responses, for the most part, admit the statements submitted by the Defendants. To the extent Plaintiff's responses are conclusory or argumentative, such as his comments that the jail was uncooperative with service of Dr. Vallury and that Nurse Jodi Monroe refused to relay MRI results to the doctor, the court will not consider them. (R. 27, Pl.'s Rule 56.1 Response, ¶¶ 3-4.) However, Plaintiff's explanations that he did not file grievance forms because such forms were not available may be considered. Although Plaintiff does not cite to record evidence, such as an affidavit, he could testify about factual matters about which he has personal knowledge. *See* Fed. R. Evid. 602. Accordingly, the court strikes those portions of Plaintiff's responses that are argumentative and unsupported by record evidence, (R. 27, Pl.'s Rule 56.1 Responses ¶¶ 4, 5, 11), but will consider Plaintiff's other responses.

With respect to Plaintiff's exhibits, the Defendants contend that they are not sworn and not relevant to the issue of exhaustion. Although a court can consider only admissible evidence when addressing a summary judgment motion, *Gunville v. Walker*, 583 F.3d 979, 985 (7th Cir. 2009), there is no reason to believe that Plaintiff's grievance and Inmate Request Forms would not be authenticated

for admission at a trial or hearing or that Plaintiff would not be able to testify about the facts stated in his chronology of events. Striking the exhibits for not being sworn is not warranted. With regard to the exhibits' relevancy to the exhaustion issue, the court will consider only those documents and statements that are relevant to that issue. Striking them as not relevant is unnecessary.

Accordingly, the court grants in part Defendants' motion to strike. The court strikes those portions of Plaintiff's responses that are conclusory, argumentative, and not based on Plaintiff's personal knowledge. (R. 28, Pl.'s Rule 56.1 Responses ¶¶ 3, 4, 11.) The motion to strike, in all other respects, is denied.

## II.  Facts

The pleadings and summary judgment evidence in this case demonstrate the following facts. Plaintiff was incarcerated at the Kendall County Jail from March 20, 2008. to November 7, 2008. (R. 27, Pl.'s Rule 56.1 Response ¶ 2.) Dr. Vallury was the jail's medical director and Jodi Monroe was a nurse at the jail during that time. (*Id.* at ¶¶ 3,4.) While Plaintiff was at the jail, he sought medical attention for a back injury that was aggravated during his arrest. Plaintiff alleges that his requests for medical attention, medication, and an extra mat for his bunk were denied by the Defendants. (R. 1, Complaint, 6; R. 28 Pl.'s Exh. H.)

Inmates at the Kendall County Jail are given an Inmate Manual that sets out procedures for inmates to complain about conditions and other situations at the jail. Plaintiff received the manual while he was at the jail. (R. 27, Pl.'s Rule 56.1 Responses, ¶¶ 6-7.) The manual states that detainees are allowed to file grievances if they are unable to resolve a situation with a Deputy or Sergeant. Grievances are to be filed within 10 days after the incident. "All grievances must be must submitted in written format on the Inmate Grievance form." (*Id.* at ¶ 8; R. 14-2, Inmate Manual, p.13.) The manual also provides that detainees may submit an Inmate Request Form if the detainee has a "request,

question, or complaint that the Deputy cannot answer." Such requests must be on the proper form and must follow the proper chain of command – i.e., the inmate first presents his request or complaint to the Deputy; if the inmate is not satisfied, he may then submit it to the Sergeant, and finally to the Corrections Commander. (R. 14-2, Inmate Manual, p.6-7.)

In support of their summary judgment motion, the Defendants submit an affidavit from Kendall County Jail Commander Sandra Jennings and a copy of the Inmate Manual. (R. 14-2.) According to Jennings, Plaintiff never submitted a grievance at the jail about his lack of medical treatment. (R. 14-2, Jennings' Affidavit.) Plaintiff acknowledges that he never filed a grievance, but states that he never received a grievance form despite his requests. (R. 27, Pl.'s Rule 56.1 Response, ¶ 8.) Neither Jennings' affidavit nor the Inmate Manual addresses whether grievance forms were available to Plaintiff or whether there is a record of Plaintiff requesting such a form, possibly through an Inmate Request Form. Thus, it is not clear from the current record whether exhaustion through the filing of grievances was available to Plaintiff.

With respect to Inmate Request Forms, Plaintiff's Rule 56.1 Answer and accompanying exhibits indicate that he filed Inmate Request Forms in August and September of 2008. (R. 1, Complaint at 3; R. 28, Pl.'s Rule 56.1 Exhs. C-G.) Only one of the forms arguably addresses Plaintiff's lack of medical attention from the jail's nurses. On August 26, 2008, Plaintiff submitted an Inmate Request Form, which was checked for "Complaint of Treatment." Plaintiff stated that he wanted "to speak to commander. Regarding nurses." (R. 28, Pl.'s Exhibits, Exh. G.) The request was "Denied" and Plaintiff was instructed to "File new sheet w/ SGT." (*Id.*) The other request forms (an Inmate Request Form and a Health Request Form), both dated September 16, 2008, sought copies of his medical records, but stated no complaints about medical treatment. (R. 28, Pl.'s Exhibits, Exhs. C, D.) Commander Jennings' affidavit does not address Plaintiff's Inmate Request Forms and does not indicate

whether Plaintiff sought further review of his August 26, 2008, request or whether he filed other Inmate Request Forms about the lack of medical treatment. (R. 14-2, Jennings' Affidavit.)

### III. Requirement to Exhaust Administrative Remedies

The Prisoner Litigation Reform Act requires that, "[n]o action shall be brought with respect to prison conditions under section 1983 . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e. The requirement to exhaust provides "that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." *Woodford v. Ngo*, 548 U.S. 81, 88-89 (2006) (citation omitted).

Exhaustion of available administrative remedies "'means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits).'" *Woodford*, 548 U.S. at 90 (*quoting Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). Proper use of the facility's grievance system requires a prisoner "to file complaints and appeals in the place, and at the time [as] the prison's administrative rules require." *Pozo*, 286 F.3d at 1025; *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006); *see also Woodford v. Ngo*, 548 U.S. at 90. If the inmate fails to properly use the prison's grievance process, the prison administrative authority can refuse to hear the complaint, and the prisoner's claim can be considered unexhausted. *Pozo*, 286 F.3d at 1025; *Woodford*, 548 U.S. at 89-90.

However, prison officials cannot prevent an inmate from exhausting administrative remedies by ignoring properly filed grievances or by impeding the use of the grievance system by withholding necessary forms. Such barriers render administrative remedies not available, and an inmate does not forfeit his ability to file suit by failing to exhaust unavailable remedies. *See Kaba v. Stepp*, 458 F.3d 678, 684-85 (7th Cir. 2006); *Dale v. Lappin*, 376 F.3d 652, 656 (7th Cir. 2004). Jail officials cannot prevent exhaustion and then seek dismissal of a suit for failure to exhaust.

The Kendall County Jail Inmate Manual indicates that there were two methods for inmates to seek administrative remedies – grievances and inmate request forms.[1] With respect to grievances,

> Each detainee shall be allowed to file grievances for incidents that occur during their incarceration . . . after all avenues of rectifying the complaint with Deputies and/or Sergeants have been exhausted within 10 days after the incident has occurred. All grievances must be submitted in written format on an Inmate Grievance Form."

(R. 14-2, Defs.' Rule 56.1 Statement, Kendall County Jail Inmate Manual, p.15.) With respect to inmate request forms, inmates were informed:

> If you have a request, question, or complaint that the Deputy cannot answer for you, an inmate request form is to be filled out for final disposition. These forms are to filled out after you have spoken to the Deputy about the situation at hand. Once you have spoken to the Deputy and you still feel the need to fill out an inmate request form, the following steps are to be taken.
> 1. Request the form from the Deptuy.
> 2. Write your request, question, or complaint in the area designated for inmate use.
> 3. Return the form to the Deputy who will sign off on the form and forward it to the Sergeant.
> 4. After your request has the Sergeant's final disposition, it will be returned to you informing you of this disposition.
> 5. Any request handed in with minimal information will be returned due to insufficient information.
> 6. Any request not worked up through the Chain of Command will not be processed.
> 7. Requests may be submitted to the Corrections Commander only after it has gone through the Chain of Command.
> 8. Any information sought pertaining to commissary issue is to be addressed to the commissary and handed in to the Deputy to be forwarded.

(*Id.* at p.7.)

---

[1] The Defendants' Rule 56.1 Statement suggests that the jail's grievance system is the only way Plaintiff could have exhausted administrative remedies. (R. 14, Defs.' Rule 56.1 Statement, ¶¶ 15-17.) However, neither § 1997e nor the jail's Inmate Manual appear to limit exhaustion of administrative remedies only to grievances. If an inmate voiced a complaint in an Inmate Request Form to a Deputy, a Sergeant, and ultimately a Commander, there is no indication that such would not constitute exhaustion of administrative remedies. Similarly, the unavailability of grievance forms may not excuse the exhaustion requirement if an inmate could seek administrative relief by filing Inmate Request Forms instead.

As previously discussed, the summary judgment evidence (Commander Jennings' affidavit and Plaintiff's Rule 56.1 Answer and exhibits) show that Plaintiff did not file a grievance about a lack of medical attention at the jail. However, Jennings does not address whether grievance forms were available to Plaintiff or whether there is a record of Plaintiff ever requesting a grievance form. (*See* R. 14-2, Jennings' Affidavit; R. 27 and 28, Pl.'s Rule 56.1 Answer and Exhibits.) The record thus is not clear whether administrative remedies were available with regard to the jail's grievance procedures.

With respect to Inmate Request Forms, the current record shows that Plaintiff filed only one complaint that arguably addressed the lack of medical attention he received from the jail's nurses. (R. 28, Exh. G, 8/26/08 Inmate Request Form.) However, it is unclear whether Plaintiff sought further review following the Deputy's denial or whether he fully exhausted administrative review with other Inmate Request Forms. (*See* R. 14-2, Jennings' Affidavit.)

Accordingly, the court cannot determine from the current record whether administrative remedies were available to Plaintiff with respect to the jail's grievances or wether he sought a full round of review with respect to Inmate Request Forms. The court therefore denies without prejudice the motion for summary judgment. The Defendants may refile their motion if they obtain evidence addressing these unresolved issues.

Plaintiff has notified the court of his new address and the Illinois Department of Corrections website indicates that he was recently released on parole. Because Plaintiff initiated this suit while he was incarcerated, the Prison Litigation Reform Act applies and he is responsible for payment of the full $350 filing fee. His release from incarceration does not excuse him from this responsibility, and the court must assess Plaintiff's current financial ability to pay the remainder of the filing fee. *See Robbins v. Switzer*, 104 F.3d 895, 898 (7th Cir. 1997). Accordingly, within 30 days of the date of this order, Plaintiff must submit an updated *in forma pauperis* application demonstrating his current financial and

employment status. Plaintiff's failure to comply timely may be construed as his desire not to proceed with this case and may result in dismissal. The clerk shall mail to Plaintiff at his last known address an *in forma pauperis* application.

IV.     CONCLUSION

The Defendants' motion to strike Plaintiff's responses to the Defendants' N.D. Ill. Local Rule 56.1 Statement (R. 29) is granted in part and denied in part. The Defendants' motion for summary judgment (R.13) is denied without prejudice to the Defendants refiling it if they obtain evidence addressing the unresolved issues. To proceed with this case, Plaintiff must submit another *in forma pauperis* application that demonstrates his current financial and employment status. The clerk shall forward to Plaintiff at his last known address an *in forma pauperis* application.

ENTER: /s/ Wayne Andersen
**Wayne R. Andersen**
**United States District Court Judge**

**DATE: February 26, 2010**